Albert Kemp, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

314

Submitted on briefs, November 16, 1977, to President Judge BOWMAN and Judge CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT.

*Albert Kemp,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 21, 1978:

The matter before us for decision is a Petition for Review of the respondent's order recommitting petitioner as a technical parole violator. Petitioner was sentenced to a term of one year to five years, effective September 13, 1973, with a minimum date of September 13, 1974, and a maximum date of September 13, 1978.[1]

After parole and several technical parole violations and one criminal violation, petitioner was reparoled on July 30, 1976. He was arrested on January 1, 1977, having turned himself in, on charges of

---

[1] When petitioner was recommitted as a convicted parole violator, the maximum date was modified to read October 3, 1979.

technical parole violation, *i.e.*, changing residence without permission, traveling outside the area of parole without permission, and failure to successfully complete ARC House Program and failure to become involved in out-patient psychological counseling. On January 6, 1977 petitioner was notified of these alleged violations. On January 11, 1977, a preliminary hearing was held and, as a result thereof, petitioner was ordered held as a technical parole violator.

At this point the regulations of respondent, namely regulation 71.2(10), 37 Pa. Code §71.2(10), provide:

> If the Board finds there is probable cause for revocation, a hearing shall be scheduled as promptly as possible but not later than within 30 days of the action of the Board.

The first hearing date fixed was March 22, 1977. However, there is nothing in this record to show when petitioner was notified of this hearing date. He knew of it on March 16, 1977 when he wrote a letter declining to attend because he did not have an attorney. He eventually had a Violation Hearing on May 10, 1977. As a result of this hearing, petitioner was recommitted as a technical parole violator.

While other issues are raised by the Petition for Review, the only one that need be considered is whether the delay of the first Violation Hearing date until March 22, 1977 violated the provisions of 37 Pa. Code §71.2(10).

Respondent argues that this provision only requires that the hearing be *scheduled* within thirty days and that it be *conducted* within a reasonable time. It points to the provisions of 37 Pa. Code §71.4(1) dealing with convicted parole violators which provides the hearing be *held* within thirty days of notification of the imposition of sentence. We cannot agree with such a strained distinction. No rea-

son is offered for such a distinction. On its face it would seem that a more prompt hearing is needed for the proving of a technical violation than for proving of a conviction. Indeed, the record shows that the written notice given petitioner by respondent, dated January 28, 1977, advising him that he was being held pending disposition of charges of Technical Parole Violation by the Full Board Review at a revocation hearing, stated that the violation hearing would be conducted within thirty days. It seems to us this is very nearly an interpretation of its own rule in this matter by the Board of Probation and Parole.

Accordingly, we will enter the following

ORDER

AND Now, March 21, 1978, the order of the Pennsylvania Board of Probation and Parole, dated June 28, 1977, recommitting Albert Kemp as a technical parole violator is set aside and his parole is ordered reinstated.