David Rothman, Petitioner *v.* Fred Jacobs, Chairman, et al. Commonwealth of Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs, August 4, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*David Rothman*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondents.

OPINION BY JUDGE CRAIG, October 24, 1978:

David Rothman, petitioner, has filed a petition for writ of mandamus, which we treat as a petition for review, alleging that certain of his constitutional rights have been violated, in that the Pennsylvania Board of Probation and Parole (Board), in recommitting him for parole violations, failed to hold the final parole revocation hearing within a reasonable time, and failed to hold any revocation hearing for petitioner on an outstanding technical parole violation warrant. In addition, petitioner claims that the board failed to meet the parole revocation notice requirements outlined in *Morrissey v. Brewer*, 408 U.S. 471 (1972).[1]

This Court has ordered that the parties' cross-motions for summary judgment be submitted on briefs.

Petitioner was sentenced February 23, 1973, in Montgomery County, for forgery offenses, to a term of two and one-half to seven and one-half years and

---

[1] Petitioner has also asked this Court to determine whether the Court of Common Pleas of Philadelphia County actually terminated petitioner's probation entered August, 1966. Such an issue, not involving the Board in any way, cannot be considered by us in this proceeding against the Board alone.

paroled January 24, 1974. Petitioner, while on parole, was arrested November 5, 1976 by Philadelphia authorities on theft charges. The Board thereupon lodged a technical parole violation warrant as a detainer at the Philadelphia County Prison.

The Board held a preliminary detention hearing on that technical violation warrant on November 23, 1976. Pursuant to that hearing, the Board ordered that petitioner be detained pending disposition of criminal charges, and returned as a technical parole violator when available.

Petitioner was found guilty on January 13, 1977 of theft by deception and was sentenced on April 15, 1977 to a two year term of probation.

On July 15, 1977 the Board convened a full-board parole hearing. The Board's action, as recorded on July 20, 1977, was "recommit as a convicted parole violator, when available."

On August 10, 1977, petitioner was transferred from the Philadelphia County Prison to the State Correction Institution at Graterford. Board action as recorded on October 7, 1977 was, "reaffirm recommitment as a convicted parole violator and review in November 1977."

Petitioner first seeks to have the Board's order recommitting him as a convicted parole violator set aside on the grounds that he was denied due process of law, in that the six-month delay between his conviction on January 13, 1977 and the date of his final revocation hearing by the Board on July 15, 1977 was unreasonable. *Commonwealth v. White,* 218 Pa. Superior Ct. 188, 279 A.2d 768 (1971).

In the alternative, petitioner argues that the July 15, 1977 revocation hearing was not a final hearing as prescribed by *Morrissey v. Brewer, supra,* and by the Board's regulations at 37 Pa. Code §71.2 et seq., on the ground that notice of the Board's revocation

order did not include a date for reparole reconsideration and further, ordered petitioner recommitted "when available." Petitioner asserts that, not until late October when his date for reparole reconsideration was set, did his parole revocation hearing become final—a lapse of almost ten months from his January 13 conviction date.

Petitioner relies on *Commonwealth v. White, supra,* for the holding that a five and one-half month delay between criminal conviction and probation or parole revocation is unreasonable.

However, that case was different from this case in that the court of common pleas which sentenced Mr. White did not revoke his probation, on account of the new conviction, until five weeks after his probation period had ended. The Superior Court vacated the order revoking probation on the basis that "probation officials should have known of his conviction, and should have acted with 'reasonable promptness' in revoking his probation." *White, supra* at 190, 279 A.2d at 769.

As to petitioner's alternate contention that the hearing on July 15, 1977 did not constitute a final full-board revocation hearing, on the ground that the Board's order pursuant to that hearing stated "recommit when available" and failed to state a reparole reconsideration date, we must disagree.

Because petitioner was being held in a county institution pending disposition on charges of a November 19, 1977 arrest at the time of his full-board hearing, our decision in *Gant v. Pennsylvania Board of Probation and Parole,* 32 Pa. Commonwealth Ct. 627, 380 A.2d 510 (1977) is dispositive. We stated:

> The Board has no jurisdiction over petitioner until he is returned to a state correctional institution and has no control over when that will occur. Therefore, the Board did not vio-

late petitioner's rights in ordering him recommitted as a convicted parole violator 'when available' and setting no date for reparole reconsideration.

*Gant, supra* at 629-30, 380 A.2d at 512.

Petitioner also claims that his rights have been violated on the ground that he was denied a final revocation hearing on the technical parole violation warrant which was issued on November 5, 1976.

Those technical violations were prima facie established by the November 23, 1976 preliminary detention hearing, and on December 9, 1976 the Board ordered petitioner detained pending determination of criminal charges. The Board's order pursuant to the parole revocation hearing (July 20, 1977) stated only that petitioner was to be recommitted as a convicted parole violator when available, with no additional action being taken on the technical parole violation charges.

However, it cannot be said that petitioner was prejudiced in any way by the Board's subsequent inaction upon the technical charges. His parole revocation was sufficiently based on his subsequent criminal convictions alone. The law provides:

> Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted . . . , may, at the discretion of the Board, be recommitted as a parole violator.

Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21(a). He cannot complain that the Board chose not to pursue another basis.

Petitioner also alleges that he has been prejudiced and denied due process because of the insufficiency of the Board's notice of parole revocation, which stated that petitioner was to be returned as "a convicted parole violator, when available." Petitioner contends that *Morrissey, supra,* requires that a parole board state the evidence and reasons which the board relies on in reaching its decision to revoke. The court in *Morrissey* outlined the minimum requirements of due process, which include "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." *Morrissey, supra,* at 489. Simultaneously the court noted that it was leaving to each state the responsibility for the development of parole revocation hearing procedures.

Petitioner's notice of the July 15 revocation hearing included a specific accounting of the charges pending against him in Philadelphia County. The subsequent Board decision revoking petitioner's parole by stating that he was to be recommitted as a "convicted parole violator" necessarily referred to such of those charges on which he was convicted. Reference to his conviction constitutes a clear, albeit succinct, expression of the facts and reason constituting the basis for revocation.

Because, as pointed out above, the matters of which petitioner was convicted were sufficient for the revocation, we cannot agree with petitioner's contention that he was prejudiced by the overinclusive nature of the Board's revocation hearing notice. Petitioner claims that the notice of his parole hearing included a charge of a criminal violation on which he had been found not guilty at his criminal trial January 13, 1977, (specifically C.P. No. 1726—receiving stolen property), as well as the charge on which he had been convicted (C.P. No. 1725—theft by deception). There is nothing in the record or in petitioner's allegations to

suggest that the Board, in considering whether or not to revoke petitioner's parole, relied on any erroneous matters, or that petitioner, who had to be cognizant of the error in the board's notice, was prejudiced in his preparation for the board hearing.

Therefore, we must deny petitioner's motion for summary judgment and grant the like motion of the Board.

## ORDER

AND Now, this 24th day of October, 1978, the motion of David Rothman for summary judgment is denied, and the motion of the Pennsylvania Board of Probation and Parole for summary judgment is granted.