Joseph Woodall, a/k/a Abdullah Yusef Ali Ahmad, S.C.I.G. F-0950, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, October 17, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Joseph Woodall,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., November 30, 1978:

The matter before us for consideration is a Petition for Review from an order of the Pennsylvania Board of Probation and Parole (Board) ordering petitioner recommitted as a convicted and technical parole violator. The issues have been submitted on briefs, upon consideration of which we grant respondent Board's cross-motion for summary judgment.

The facts are not materially disputed. On December 18, 1967, petitioner was sentenced to a term of 5 years to 15 years for the offense of aggravated robbery. Paroled on this sentence, on October 5, 1971, petitioner reentered to begin serving a 1 and ½ year to 20 year term also for aggravated robbery handed down September 16, 1969. Following his release under parole supervision on May 3, 1973, petitioner was arrested by Philadelphia police November 16, 1975, on a variety of charges. On November 17, 1975, petitioner posted bail on the new charges and was re-

leased. The following day, pursuant to a Board warrant, petitioner was arrested. After a detention hearing on November 25, 1975, the Board took action to detain petitioner pending disposition of the new charges. The Board subsequently[1] rescinded this action and continued petitioner on parole.

Trial on the new charges was held May 14-24, 1976, at which petitioner was found guilty. During the course of the trial, petitioner "disappeared" and was was convicted and sentenced in absentia.

Petitioner was eventually apprehended on January 21, 1978, and afforded a preliminary hearing on his parole violation 10 days later. Ordered returned as a technical and convicted parole violator on March 17, 1978, petitioner received full board consideration on May 4, 1978, pursuant to which petitioner was ordered recommitted.

Petitioner initially alleges an infringement of his right to bail by virtue of the Board's action detaining him the day after his release on bail. On facts substantially similar Judge SHADLE stated in the controlling case of *Commonwealth ex rel. Brooks v. Lindsey*, (Civil Action 411 C.P. York Co., March 22, 1973), *aff'd*, 228 Pa. Superior Ct. 759, 312 A.2d 800 (1973):

[I]t is clear that petitioner's constitutional right to bail on the new charge has not been impaired by the filing of the parole detainer. Bail has been fixed for that offense and petitioner is entitled to furnish it and be released from custody *so far as that charge is concerned.* The fact that the parole detainer prevents his actual release does not deprive him of his bail

---

[1] The respective briefs differ on when this action was taken. According to the Certificate from the chairman of the Board February 4, 1976, is the correct date.

rights on the new charge. Were it otherwise, any defendant could escape the effect of any valid detainer by committing a new offense, having bail fixed thereon, and claiming violation of his bail rights to defeat the detainer. (Emphasis in original.)

Petitioner additionally presents a due process challenge to the Board's alleged failure to provide a timely revocation hearing following the November 16, 1975 arrest. Accepting petitioner's argument for the moment, the Board's subsequent decision to continue parole saps petitioner's argument of any strength it might otherwise have had. Absent proof that the Board's procedure resulted in a loss of time credit toward service of petitioner's maximum sentence, the subsequent reparole rendered such a challenge moot. *Simmons v. Board of Probation and Parole*, 33 Pa. Commonwealth Ct. 168, 381 A.2d 221 (1978).

Petitioner next argues that he was not given proper and adequate notice in regard to the full board hearing of May 4, 1978. The Board alleges in its Answer under New Matter that appropriate notices were prepared and forwarded to petitioner with respect to all hearings.

Regardless of the truth of the Board's allegations contained in its Answer, we find that any deficiencies which may have existed were not harmful to petitioner's cause. Petitioner concedes he was informed of parole violation charges to be considered at the preliminary hearing held on January 31, 1978. Petitioner further acknowledges receipt, nearly one month prior to the violation and revocation hearing, of the Board's form PBPP-15, indicating the Board's decision to return him as a technical and convicted parole violator. Armed with what certainly amounts to actual notice we are not now prepared to accept

petitioner's allegations of defective notice without some demonstration of prejudice to his position.

Petitioner next would have us find that the Board violated its own rules and regulations by failing to provide a full board hearing within 30 days of the date on which probable cause was established indicating a parole violation. However, petitioner's reliance on our recent decision in *Kemp v. Pennsylvania Board of Probation and Parole*, 34 Pa. Commonwealth Ct. 313, 383 A.2d 568 (1978) is fatally misplaced. Although similar factually to present case, the events in *Kemp, supra,* were governed by the Board's prior regulations. Effective March 1, 1977[2] petitioner was entitled to a full board hearing within 120 days of the date on which probable cause was established, a time limitation satisfied by the events in this case.[3]

Petitioner makes a final argument that the detention time served by him prior to conviction on the new charges should be credited against the new sentence. It is now well settled that where the Board has lodged a warrant prior to a parolee's conviction on new charge, the period of time spent in custody on authority of the Board's warrant may only be applied to the original sentence for which parole had been granted. *Davis v. Cuyler*, 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978). Petitioner's remaining arguments are either restatements of those already considered or wholly lacking in substance making further discussion by us unnecessary.

---

[2] The Board's new regulations may be found at 7 Pa. B. 487.

[3] Petitioner argues that since the acts constituting parole violation occurred at a time when the old rules were in effect, a hearing regarding such violations must be governed by the old regulations. The complete answer to this is that the rules and regulations here at issue are procedural, providing a rational mechanism to govern parole administration—no substantive rights have been created or destroyed.

Accordingly, we will enter the following

ORDER

AND Now, November 30, 1978, the order of the Pennsylvania Board of Probation and Parole, dated May 5, 1978, recommitting Joseph Woodall as a convicted and technical parole violator is hereby affirmed.