Jeffrey A. Kunkelman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, October 17, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig, and MacPhail.

*Jeffrey A. Kunkelman*, petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., January 25, 1979:

Jeffrey A. Kunkelman (Petitioner) has filed a petition for writ of habeas corpus challenging his detention by the Pennsylvania Board of Probation and Parole (Board) pending disposition of criminal charges in Berks County, which this Court will treat as a petition for review. Board filed an answer with new matter to which Petitioner filed a reply with new matter. Petitioner then moved for summary judgment and Board filed a cross motion for summary judgment. These motions are presently before us.

The pertinent facts are as follows: On August 28, 1975, Petitioner was sentenced to an indeterminate to six-year term for robbery and criminal conspiracy. He was paroled on September 8, 1976, but subsequently was arrested on charges of receiving stolen property, firearms not to be carried without license, offensive weapon, and criminal conspiracy on April 26, 1978. On April 27, 1978, a parole violation warrant was filed charging a technical parole violation. A preliminary/detention hearing by a representative of Board was conducted on May 11, 1978. On June 13, 1978, a prima facie case was established against Petitioner at a criminal preliminary hearing. Board's action, as recorded on June 19, 1978, was "detain pending disposition of criminal charges and return as a technical parole violator when available, schedule violation hearing at appropriate time."

We perceive three issues properly before us for review.[1]

---

[1] Petitioner attempts to introduce new facts in his brief pertaining to alleged perjury in his revocation hearings but new facts may not be added by inclusion in briefs. *Erie Indemnity Co. v.*

Petitioner's first contention is that the lodging of the Board's detainer unconstitutionally deprived him of his liberty in that his basic right to bail was denied. Petitioner argues that an individual who has a detainer lodged against him has a right to bail. This contention has consistently been held to be without merit. *Burgess v. Roth*, 387 F. Supp. 1155 (E.D. Pa. 1975).

Petitioner's next contention is that the detainer lodged on the basis of a technical parole violation is premature and therefore a violation of due process in that Petitioner has not been convicted on the charge of possession of firearms. This contention is likewise without merit. Board has the right to detain the parolee who is alleged to be a technical parole violator and is required merely to give him a hearing *in futuro*. *Commonwealth ex rel. Johnson v. Bookbinder*, 213 Pa. Superior Ct. 335, 247 A.2d 644 (1968). The fact that he is charged with a crime is irrelevant since there was also an alleged violation of the conditions of parole.

Petitioner's final contention, although not mentioned in the pleadings, is that he was afforded a final revocation hearing on August 10, 1978, and that this hearing was untimely. Board responds that this final hearing was within 120 days from the date of the preliminary hearing on May 11, 1978. The regulations which control appear in 7 Pa. B. 487, and the pertinent provision reads:

71.2(11) . . . If a Violation Hearing is scheduled, it will be scheduled as promptly as possi-

*Coal Operators Casualty Co.*, 441 Pa. 261, 272 A.2d 465 (1971). Nor can Petitioner add these facts by way of a supplemental affidavit in support of Petitioner's motion for summary judgment unless filed of record simultaneously with the motion. *Commonwealth v. Diamond Shamrock Chemical Co.*, 38 Pa. Commonwealth Ct. 89, 391 A.2d 1333 (1978).

ble, but not later than 120 days of the Preliminary Hearing.

It is well settled that in parole revocation hearings for parole violators the Board must follow its own regulations. *Gant v. Pennsylvania Board of Probation and Parole*, 32 Pa. Commonwealth Ct. 627, 380 A.2d 510 (1977). Thus, the revocation hearing was well within the Board's 120-day requirement.

Accordingly, we

### ORDER

AND Now, this 25th day of January, 1979, it is ordered that the motion of Jeffrey A. Kunkelman for summary judgment be and the same is hereby denied, and the cross motion of the Pennsylvania Board of Probation and Parole is granted.