Eric Ryles, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, February 20, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Eric Ryles*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 21, 1979:

In this case we have treated petitioner's "Motion to Have Parole Reinstated" as a petition for review addressed to this Court's original jurisdiction. In particular, petitioner is here challenging the action of the Pennsylvania Board of Probation and Parole (Board) detaining him pending the disposition of new criminal charges.

The material facts in this case are undisputed. On June 4, 1978, while on release under parole supervision petitioner was arrested by Philadelphia authorities on a variety of charges. Two days later a parole violation warrant was filed at the Philadelphia Detention Center where petitioner was being held. On June 15, 1978, petitioner received a criminal preliminary hearing at which a prima facie case against petitioner was established. The Board's next action, as recorded on July 13, 1978, was to order petitioner detained pending disposition of the pending criminal charges. It is to this final action of the Board and the procedures utilized in its pursuit that petitioner takes exception.

Petitioner's initial challenge alleges a denial of his right to bail on the new charges by virtue of the Board's detainer. We have considered this precise question on a number of occasions, representative of which is *Woodall v. Pennsylvania Board of Probation and Parole*, 38 Pa. Commonwealth Ct. 642, 394 A.2d 1061 (1978), making further discussion of this question unnecessary.

Petitioner next asserts that the Board erroneously acted without benefit of a detention hearing. The regulation governing Board procedure in this situation, which can be found at 7 Pa. B. 489, is clear and unambiguous:

§71.3. Arrest for a new criminal offense.

The following procedures shall apply in those cases in which the only violation charged is the arrest for a new criminal offense:

(1) A parolee may be arrested and detained on a Board warrant pending disposition of criminal charges upon the occurrence of one of the following:

(i) A committing magistrate has conducted a preliminary hearing and concluded that there is a *prima facie* case against the parolee.

This Court held in *Johnston v. Pennsylvania Board of Probation and Parole*, 34 Pa. Commonwealth Ct. 113, 383 A.2d 233 (1978) that a criminal preliminary hearing at which a prima facie case is established obviates the need for a detention hearing conducted by the Board.

Petitioner finally argues that the Board has improperly failed to provide him with a final revocation hearing within the 120 day time limit mandated by the Board's regulations. The 120-day rule found in §71.4 of the regulations, 7 Pa. B. 490, does not become operative until a conviction on the new charges has been obtained. Since the new charges are still pending against petitioner it is readily apparent that no violation of that time requirement is yet possible.

Accordingly, we will enter the following

ORDER

AND Now, March 21, 1979, petitioner's motion for judgment on the pleadings is denied and respondent's

cross-motion for judgment on the pleadings is granted, the order of the Pennsylvania Board of Probation and Parole, dated July 13, 1978, detaining Eric Ryles pending disposition of criminal charges being appropriate.