Lawrence Jones, Petitioner *v*. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, March 19, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Lawrence Jones,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Di Salle, June 1, 1979:

Lawrence Jones (Petitioner) has filed a Motion for Review, which we shall treat as a petition for review, challenging the action of the Pennsylvania Board of Probation and Parole (Board) in recommitting him as a convicted parole violator. Each side has filed motions for summary judgment.

Petitioner was sentenced to concurrent terms of two to ten years for assault with intent to commit sodomy and one and one-half to three years for cor-

rupting a minor, with an effective date of November 7, 1969, a minimum of November 7, 1971, and a maximum of November 7, 1979. He was paroled on August 28, 1972 and then arrested on February 13, 1975, for possession of narcotics. The Board afforded him a preliminary/detention hearing on February 25, 1975 and released him from custody under parole supervision on March 6, 1975.

Petitioner was again arrested on May 12, 1975, this time for aggravated and simple assault, possession of an offensive weapon and possession of narcotics. He was found not guilty of these offenses, but on December 8, 1975, Federal authorities lodged a warrant against him for dispensing narcotics. He was convicted on January 14, 1976, and sentenced to three years in a Federal institution.

The Board afforded Petitioner a full revocation hearing on April 9, 1976, and decided to recommit him as a convicted parole violator when available. Its agents took him into custody on November 11, 1978, when he received Federal parole, and transferred him to the State Correctional Institution at Graterford. Disallowing credit for time spent on parole, but allowing credit for the time spent incarcerated pursuant to its detainer warrant, the Board recomputed Petitioner's sentence and modified his maximum to read June 5, 1984.

Petitioner argues first that by lodging a detainer warrant against him based on the new criminal charges, the Board unconstitutionally denied him the right to bail. We disagree. The law is clear that lodging a detainer warrant against an arrested parolee who has posted bail on the new charge does not violate his constitutional rights. *Woodall v. Pennsylvania Board of Probation and Parole*, Pa. Commonwealth Ct. , 394 A.2d 1061 (1978).

Petitioner next argues that the sentence imposed for the crime he committed while on parole and the

172

original sentence should be served concurrently not consecutively. Again, we must disagree. Section 21.1(a) of the Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a), provides that a convicted parole violator shall serve the balance of the original term and the new term consecutively. *Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977).

Petitioner's final argument, that the Board failed to afford him a timely final revocation hearing, is equally without merit. The Board's regulations, at 37 Pa. Code §71.4(2),[1] require that a convicted parole violator's final revocation hearing "be held within 120 days from the date the Board received official verification of the plea of guilty." That was done here.

ORDER

AND Now, this 1st day of June, 1979, the motion for summary judgment of Lawrence Jones is hereby denied, and the cross-motion for summary judgment of the Pennsylvania Board of Probation and Parole is hereby granted.

---

[1] These regulations are now found at 7 Pa. B. 487.