420 A.2d 381

**William J. HINES, Appellant/Cross–Appellee,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee/Cross–Appellant.**

Supreme Court of Pennsylvania.

Submitted March 12, 1980.

Decided Sept. 22, 1980.

William J. Hines, in pro per.

Robert A. Greevy, Asst. Atty. Gen., Pa. Board of Probation and Parole, Harrisburg, for appellee cross–appellant.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

We have before us cross appeals by the Pennsylvania Board of Probation and Parole ("Board") and William J. Hines ("Hines") from an order of the Commonwealth Court entered on March 5, 1979.[1]

■ On October 19, 1973, Hines was sentenced to a term of two to five years for violation of the Controlled Substance, Drug, Device and Cosmetic Act ("Act"). Act of April 14, 1972, P.L. 233, No. 64 § 1, 35 P.S. § 780.101 et seq. On May 13, 1974, Hines was convicted of a subsequent violation of the Act, and was sentenced to a term of one to two years to be served consecutive to the first sentence. Having served two years of his 1973 sentence, Hines was paroled on August 29, 1975, and immediately began serving

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, *as amended* by the Act of April 28, 1978, 42 Pa.C.S.A. § 723(a).

his 1974 sentence.[2] One year later, on August 29, 1976, Hines was released on parole from both sentences.

■ While on parole, Hines was arrested by the Allegheny County authorities on July 6, 1977, charged with several new criminal offenses, including armed robbery, and incarcerated in the Allegheny County Prison without bail.[3] On the same date, the Board lodged a detainer charging Hines with technical parole violations.[4] With respect to the technical violations, the Board scheduled a preliminary hearing for July 14, 1977. Hines waived his right to that hearing and requested a violation and revocation hearing before the full Board. Upon receipt of official notice that Hines had been convicted of the July 6, 1977 criminal charges, the Board scheduled the violation and revocation hearing.[5] Although the detainer had been lodged solely for technical violations, the violation and revocation hearing combined consideration of both technical and criminal parole violations. After the hearing, Hines was recommitted and, on the basis of the criminal parole violations, the Board recomputed his original sentence to run from July 6, 1977 to July 6, 1980, without giving him credit for the time spent on constructive parole (August 29, 1975 to August 29, 1976).

2. At this time, Hines was placed on constructive parole and remained in that status until August 29, 1976. A prisoner on constructive parole is not released from prison; although paroled on his original sentence, he immediately begins serving his new sentence. *Ray v. Howard*, 39 Pa.Cmwlth. 559, 395 A.2d 1038 (1979).

3. The record fails to disclose why bail was denied. This fact is relevant in determining whether pre–trial custody must be credited to the original sentence or to the new sentence. See discussion, *infra.*

4. A technical violation results from failure to observe parole conditions. A criminal violation is the commission of a crime by the parolee while on parole. 61 P.S. § 331.21a.

5. The hearing originally was scheduled for March 15, 1978, but was continued at Hines' request until April 13, 1978, so that his attorney could be present. Sentencing for the July 6, 1977 charges was deferred until June 6, 1978, and Hines remained in the Allegheny County Prison from July 6, 1977 until June 8, 1978.

On July 14, 1978, Hines filed a Petition for Review in the Commonwealth Court, contending that the Board had not given him credit on his original sentence *either* for pre-trial custody or for time on constructive parole. Motions for summary judgment were filed by Hines and the Board. On March 5, 1979, the Court partially granted Hines' motion, holding that he had not been given credit on his original sentence for the period from July 6, 1977 to June 8, 1978, and ordered the Board to give him credit for this time. The Court also partially granted the Board's motion for summary judgment, holding that Hines' recommitment was otherwise proper. These cross appeals followed.

■ The Board contends that Hines was given credit on his original 1973 sentence for the time between July 6, 1977 and June 8, 1978. We agree. When he was paroled, three years remained on Hines' original sentence. After recommitment, the Board ordered that the three years would run from July 6, 1977, the date of his arrest. By making the effective date for commencement of the sentence retroactive to July 6, 1977, the Board thus gave Hines credit on his original sentence for the time he was incarcerated between July 6, 1977 and June 8, 1978.

■ The question remains, however whether the credit should have been applied instead to the new sentence. Our decision today in *Mitchell v. Board of Probation and Parole,* 491 Pa. 291, 420 A.2d 1324 (1980) confirms the rule established in *Gaito v. Board of Probation and Parole,* 488 Pa. 397, 403, 412 A.2d 568, 571 (1980):

[I]f a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

Since the record here fails to disclose the reasons for denial of bail on July 6, 1977, or whether Hines would have met the requirements for bail had it been set, we remand for those necessary factual findings.

 Without citing any authority, Hines further contends that the detainer lodged by the Board on July 6, 1977 violated his right to bail. We disagree. Here, there is no evidence that the detainer in any way affected Hines' eligibility for bail. Indeed, our holding in *Gaito, supra,* confirms that the lodging of a detainer does not in itself preclude the setting of bail on new criminal charges. *See Kunkelman v. Board of Probation and Parole,* 40 Pa.Cmwlth. 149, 396 A.2d 898 (1979); *Jones v. Board of Probation and Parole,* 43 Pa.Cmwlth. 169, 401 A.2d 1247 (1979); *Ryles v. Board of Probation and Parole,* 41 Pa.Cmwlth. 337, 399 A.2d 151 (1979); *Woodall v. Board of Probation and Parole,* 38 Pa. Cmwlth. 642, 394 A.2d 1061 (1978).

██ Hines next asserts that he is entitled to credit against his original sentence for the one year spent on constructive parole, citing Section 21.1 of the Parole Act, 61 P.S. § 331.21a(a), which provides in relevant part:

If [the parolee's] recommitment is . . . ordered, he shall be reentered to serve the remainder of the term [he] would have been compelled to serve had he not been paroled, and *he shall be given no credit for the time at liberty on parole.* (Emphasis supplied.)

61 P.S. § 331.21a(a). Hines argues that because he was in prison while on constructive parole, he was not "at liberty on parole." In *Haun v. Cavell,* 190 Pa.Super. 346, 353, 154 A.2d 257, 261 (1959) the Superior Court addressed this question:

What the legislature must have intended by "at liberty on parole" is not at liberty from all confinement but *at liberty from confinement on the particular sentence for which the convict is being reentered as a parole violator.* Any other interpretation would be in conflict with other provisions of the statute, and with the long established policy of the Commonwealth. During the time that a convict may be on parole from a particular offense he

might be confined in a Pennsylvania prison on another offense, or in a prison of another state, or in a federal prison, or in a mental institution, or in an enemy prison camp during a war. It was not the intent of the legislature to have the words "at liberty" to mean freedom from confinement under all these and other conceivable circumstances. (Emphasis supplied).

We approved this construction of the Parole Act in *Commonwealth ex rel. Jones v. Rundle*, 413 Pa. 456, 199 A.2d 135 (1964) (per curiam). Accordingly, Hines was "at liberty on parole" from his first sentence while incarcerated on his second sentence from August 29, 1975 to August 29, 1976, and is not entitled to credit against his original sentence for that one year on constructive parole.

 Finally, Hines argues that he was deprived of a timely parole violation and revocation hearing on the technical parole violation charges. The relevant Board regulations require that a violation and revocation hearing must be scheduled within 120 days of the preliminary hearing. 37 Pa. Code § 71.2(11). The hearing for the technical violation charges was held approximately 272 days after the date scheduled for the preliminary hearing, and thus was not timely.[7] However, the criminal parole violation charges were also considered at that hearing within the time prescribed by the Board's regulations for *criminal* parole violations:

The hearing shall be held within 120 days from the date the board received official verification of the plea of guilty or nolo contendere of the guilty verdict at the highest trial court level except as follows:

If the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out-of-state, confinement in a Federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full Board Revoca-

7. The preliminary hearing scheduled for July 14, 1977 was not held because Hines waived his right thereto.

tion Hearing required by *Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility. 37 Pa. Code § 71.4(2)(i). Hines was incarcerated in the Allegheny County Prison until June 8, 1978, when he was transferred to the State Correctional Institution at Pittsburgh. Thus, the 120 day period had not yet begun to run when the combined violation and revocation hearing was held on April 13, 1978. Since Hines' original maximum sentence was extended solely because of his criminal parole violations and not because of his technical parole violations, and since he clearly received a timely hearing on the criminal parole violation charges, he was not prejudiced by the delay in scheduling the combined hearing. *See Rothman v. Jacobs*, 38 Pa.Cmwlth. 259, 392 A.2d 903 (1978).

We remand for factual findings on the bail issue and any recomputation of sentence necessitated thereby. The order of the Commonwealth Court is affirmed in all other respects.

ROBERTS, J., filed a dissenting opinion in which O'BRIEN J., joins.

ROBERTS, Justice, dissenting.

I dissent. On cross motions for summary judgment the Commonwealth Court sitting en banc unanimously found on an adequate record that "the petitioner would have been eligible for release on bail *but for* the Board's detainer." Thus, there is no need to remand for further findings. Indeed, neither party has requested such a remand. I would affirm the Commonwealth Court's order and grant appellant credit against his original sentence for the time spent in custody because of the Board's detainer.

O'BRIEN, J., joins in this dissenting opinion.