420 A.2d 1324

**Richard A. MITCHELL, Appellee,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD of PROBATION and PAROLE, Appellant.**

Supreme Court of Pennsylvania.

Sept. 22, 1980.

Robert A. Greevy, Asst. Atty. Gen., Harrisburg, Pa. Bd. of Probation and Parole, for appellant.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

The Pennsylvania Board of Probation and Parole ("Board") appeals from an order of the Commonwealth Court entered July 22, 1977.[1] The issue before us is whether the Board, having lodged a detainer against one who has been arrested for a crime committed while on parole and who has satisfied bail requirements for the new offense, may credit the parolee's time spent in custody solely because of the detainer to the new sentence rather than to the sentence he was serving when paroled.

[1]. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 723(a).

On February 7, 1976, while on parole from a sentence imposed on April 10, 1972, appellee, Richard A. Mitchell ("Mitchell"), was arrested on various charges, including unauthorized use of a vehicle, possession of stolen credit cards, resisting arrest, speeding, and reckless driving. On February 9, 1976, the Board lodged a detainer against him. Although he posted bail, Mitchell remained incarcerated solely because of the detainer until August 17, 1976, when he was convicted and sentenced on the February 7, 1976 charges.

The Board revoked Mitchell's parole and, in recomputing his original sentence of April 10, 1972, failed to give him credit for the time spent in prison solely due to the Board's detainer (February 9, 1976 to August 17, 1976). On Mitchell's Petition for Review, the Commonwealth Court ordered the Board to credit this time to the original sentence. *Mitchell v. Board of Probation and Parole*, 31 Pa.Cmwlth. 243, 375 A.2d 902 (1977). This appeal followed.

The Board contends that, in the interest of uniformity, custody credit should be applied against the new sentence in all cases. We disagree. Our recent opinion in *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 403–04, 412 A.2d 568, 571 (1980) is controlling. In *Gaito* we held:

> [I]f a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

Mitchell remained in custody prior to the August 17, 1976 conviction and sentencing solely because of the detainer lodged by the Board. The Board thus erred in failing to credit this time against his original sentence.

The Order of the Commonwealth Court is affirmed.