473 A.2d 643

**COMMONWEALTH of Pennsylvania,**

v.

**Jack Harvey KEESEY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1983.

Filed March 23, 1984.

Robin Cleland, New Castle, for appellant.

J. Craig Cox, Assistant District Attorney, New Castle, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

This appeal arises from the denial of appellant's motion for reconsideration and modification of sentence, and his motion to vacate sentence. Appellant alleges that the sentencing court erred in crediting time spent in confinement against a new sentence instead of his old sentence at No. 673 of 1978. The material facts are as follow:

Appellant received a suspended sentence on charges of forgery at Nos. 673 and 673A of 1978. As to No. 673, he was released on four years probation and ordered to pay the costs of prosecution and make restitution within four months of sentencing. Sometime thereafter, appellant failed to report to the probation department, failed to make payments as ordered and could not be located for a period of 20 months. During this time, he was charged with forgery and receiving stolen property at Nos. 276 and 276A of 1982, for acts which occurred on February 6, 1981. Three months later, he was returned to Lawrence County from Oregon. Approximately ten days after his return,

appellant was charged with additional counts of forgery and receiving stolen property at Nos. 455 and 455A of 1982, for acts which also occurred on February 6, 1981.

The charges at Nos. 276 and 276A of 1982 were subsequently dismissed pursuant to Pa.R.Crim.P. 1100. Appellant thereafter proceeded to trial on Nos. 455 and 455A of 1982 and was found guilty as charged by the jury. Having violated his probation with, *inter alia*, this conduct and his failure to report and make payments as ordered, appellant's probation was revoked and the original sentence of two to four years imprisonment was imposed. The eleven days appellant served as a condition of his probation[1] were credited to the sentence imposed on Nos. 673 and 673A.

Our Supreme Court has held that

> [I]f a defendant is being held in custody *solely* because of a detainer lodged by the Board [of Probation and Parole] and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Hines v. Pennsylvania Board of Probation and Parole,* 491 Pa. 142, 147, 420 A.2d 381, 384 (1980), quoting, *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 403, 412 A.2d 568, 571 (1980).

The record herein evinces that upon appellant's return to Lawrence County on June 15, 1982, a detainer was filed as a result of the charges pending against him at Nos. 276 and 276A of 1982, on which no bail was set and which charges were subsequently dismissed.

When no conviction results from the new charges, or if no sentence is imposed on a conviction of those new

---

1. As one of the conditions of his probation, appellant was ordered to serve thirty days in the Lawrence County jail on weekends or in such a manner so as not to interfere with his employment under the Work Release Program.

charges, the preceding period of detention must be applied to the original sentence. *Gaito v. Pennsylvania Board of Probation and Parole, supra,* 488 Pa. at 400 n. 1, 412 A.2d at 571 n. 1.

■ Between June 15th and June 24th, appellant was in prison solely on the charges at Nos. 276 and 276A of 1982 in conjunction with the detainer filed by the probation department. The subsequent dismissal of those new charges should have resulted in the crediting of the nine days served to his original sentence at No. 673 of 1978. *Gaito v. Pennsylvania Board of Probation and Parole, Id.* This finding is buttressed by the fact that no bail was set on these new charges, although the absence of this circumstance would not alter our determination that the sentencing court erred by not crediting the nine days between June 15th and June 24th to appellant's original sentence at No. 673 of 1978.

■ Appellant's incarceration from June 24, 1982, the date charges were filed at Nos. 455 and 455A of 1982, until sentence was imposed upon those charges presents a different situation, however. Although the detainer remained in effect until that latter date, bail was set at $5,000.00 and appellant was convicted *and* sentenced on the new charges. Appellant failed to secure bail, but argues herein that his failure to formally attempt to do so was premised upon the purported refusal of the district magistrate to accept bail.

During the hearing on appellant's post-sentencing motions, the court determined that the record of the subject arraignment did not establish the magistrate's purported refusal as fact. Our review of the entire record herein elicits no reason to disturb that determination of the post-sentencing court. As a result, the court properly credited time served from June 24th until sentence was imposed on the new charges at Nos. 455 and 455A of 1982 to that new sentence in light of appellant's failure to post bail as set despite the presence of the detainer. *Hines v. Pennsylvania Board of Probation and Parole, supra; Gaito v.*

*Pennsylvania Board of Probation and Parole, supra;
Rodrigues v. Pennsylvania Board of Probation and Parole,* 49 Cmwlth.Ct. 355, 410 A.2d 1324 (1980). *Compare,
Mitchell v. Pennsylvania Board of Probation and Parole,* 491 Pa. 291, 420 A.2d 1324 (1980).

Order denying reconsideration and modification of sentence is reversed; sentence is vacated; and, the matter is remanded for resentencing consistent with this opinion. Jurisdiction relinquished.