IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Small (aka) Arthur Greentree  :
(Parole No.# 8843V),                 :
                Petitioner :
                             :
       v.                                :
                             :
Pennsylvania Parole Board,            :  No. 491 M.D. 2022
                Respondent :  Submitted: September 9, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: October 11, 2024

Before this Court are the Motion for Summary Judgment filed by Kevin Small a/k/a Arthur Greentree (Small) (Motion) and the Pennsylvania Parole Board's (Board) Application for Summary Relief (Application). After review, this Court denies the Motion, grants the Application, and dismisses Small's Petition for Review (Petition).

On September 30, 2022, Small filed the Petition in this Court's original jurisdiction seeking to have this Court order the Board to remove an allegedly illegal detainer lodged against him. *See* Petition *Ad Damnum* Clause. In the Petition, Small avers that he is being held on the Board's detainer for a parole violation based on an escape he committed while being held on a Delaware County detainer. *See* Petition ¶ 7. Small claims that because he was in custody for another offense at the time, he

could not have been on parole and, therefore, the Board's detainer is illegal.[1] *See* Petition ¶ 9. On December 3, 2022, the Board filed its Answer to the Petition with New Matter. In its Answer, the Board denied all of Small's allegations. *See* Board Answer. In its New Matter, the Board averred, *inter alia*, that on June 10, 2009, it released Small on parole to a detainer sentence, *see* New Matter ¶¶ 20-21, and Small's current federal sentence and the Board's detainer were based on crimes Small committed on parole following his June 10, 2009 release, *see* New Matter ¶ 23, and requested that this Court dismiss the Petition. *See* New Matter *Ad Damnum* Clause. On January 3, 2023, Small filed his Answer to the Board's New Matter.[2]

On June 23, 2023, Small filed the Motion, wherein Small contended that being released on a detainer is not the same as being released on parole. *See* Motion ¶ 5. On October 4, 2023, the Board filed its Application. The Board asserted therein that the record shows the Board's detainer was in place to secure his return to a state correctional institution for a parole revocation proceeding, which was based on crimes he committed while on constructive parole. *See* Application ¶ 18. Attached to the Board's Application is Board employee Deborah Carpenter's (Carpenter) Declaration (Declaration), as well as 22 Attachments (the Board's records upon which Carpenter relied). Carpenter is currently the Board Secretary, acts as the Board's records custodian, and directs the recording of all official Board decisions and maintenance of all official Board files. *See* Declaration ¶¶ 3-4. In her Declaration, Carpenter sets forth Small's history as to his arrests, convictions, and

---

[1] On September 30, 2022, Small also filed an Application to proceed In Forma Pauperis, which this Court granted on November 3, 2022.

[2] Small's Answer does not respond to the Board's New Matter, per se, but rather, sets forth arguments why his Petition should be granted. The Board argues that because Small did not deny any averments in the New Matter, they are deemed admitted. Small does not dispute that he was released to a detainer sentence on June 10, 2009. Rather, he maintains that being released to a detainer sentence was not consistent with being released on parole. *See* Motion ¶ 5.

2

detainers, as verified by the Board's records. *See* Application ¶ 10. Both parties have filed briefs, and the matter is now ripe for disposition.[3]

> Initially,
>
> [t]he standard for granting summary relief turns upon whether the applicant's right to relief is clear. Summary relief on a petition for review is similar to the relief provided by a grant of summary judgment. [*See* Pennsylvania Rule of Appellate Procedure 1532,] Pa.R.A.P. 1532, Official Note. Summary judgment is appropriate where, after the close of pleadings, "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." [Pennsylvania Rule of Civil Procedure 1035.2(a),] Pa.R.C[iv].P. 1035.2(a). The record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Scarnati v. Wolf*, 173 A.3d 1110, 1118 (Pa. 2017) (footnote omitted).

Because the Board's Application is dispositive, this Court addresses it first. The Board argues that the record in this matter makes clear that the Board released Small on constructive parole on June 10, 2009, *see* Declaration ¶ 26, Application Attachment 10 (Notice of Board Decision) at 1; *see also* Small's Answer at 1; Motion ¶ 4, with a controlling maximum original sentence release date of April 22, 2035. *See* Application Attachment 5 (Commonwealth of Pennsylvania Dep't of Corr. Sentence Status Summary) at 7; *see also* Application Attachment 10 (Notice of Board Decision) at 2. The Board asserts that while on constructive parole after June 10, 2009, Small forged various documents that resulted in his release from state

---

[3] On November 20, 2023, Small filed an Addendum Petition Pertaining to Illegal Parole Detainer (Addendum Petition) asking this Court for permission to amend his Petition to include updated facts that further warrant the removal of the Board's detainer. To the extent this is a request for leave to file an amended petition for review, that request is denied as the Addendum Petition is essentially a six-page letter wherein Small sets forth his current hardships allegedly caused by the Board's detainer.

prison, but which also led to him being convicted and sentenced for federal crimes. *See* Board Br.; *see also* Petition ¶ 5.  The Board claims that it may revoke parole for crimes committed while an offender is on constructive parole.

> Small rejoins:
>
> The [Board] again seem[s] to misstate the meaning, and definition of [p]arole.  Parole of an individual is not being paroled to a detainer as was the situation here.  [Small] was never paroled to any place by the [Board].  [Small] satisfied his sentence with the Pennsylvania Department of Corrections and at the conclusion of said sentence he was sent to the Federal Bureau of Prisons to begin serving his federal sentence.  The [Board] claim[s] that because [Small] was arrested on another charge that he somehow violated his parole.  That claim by the [Board] is totally without merit.

Small Br. in Opposition to Application at 2.

> The Pennsylvania Supreme Court clarified:
>
> In *Haun v. Cavell*, . . . 154 A.2d 257, 261 ([Pa. Super.] 1959)[,] the Superior Court addressed this question:
>
>> What the legislature must have intended by **"at liberty on parole" is not at liberty from all confinement**[,] **but at liberty from confinement on the particular sentence for which the convict is being reentered as a parole violator**.  Any other interpretation would be in conflict with other provisions of the statute, and with the long[-]established policy of the Commonwealth [of Pennsylvania].  **During the time that a convict may be on parole from a particular offense**[,] **he might be confined in a Pennsylvania prison on another offense**, or in a prison of another state, or in a federal prison, or in a mental institution, or in an enemy prison camp during a war.  **It was not the intent of the legislature to have the words "at liberty" [] mean freedom from confinement** under all these and other conceivable circumstances. . . .

4

[Our Supreme Court] approved this construction of the Parole Act[4] in *Commonwealth ex rel. Jones v. Rundle*, . . . 199 A.2d 135 ([Pa.] 1964) (per curiam).

*Hines v. Pa. Bd. of Prob. & Parole*, 420 A.2d 381, 384 (Pa. 1980) (emphasis added).

This Court has explained:

A prisoner on constructive parole is paroled from his original sentence to immediately begin serving a new sentence. *See Merritt v.* [*Pa.*] [*Bd.*] *of Prob*[.] [*&*] *Parole*, . . . 574 A.2d 597, 598 ([Pa.] 1990); *Hines* . . . . **Where an individual has been constructively paroled**, "**he is nonetheless 'at liberty' from the original sentence** from the time he begins to serve the new sentence." *Bowman v.* [*Pa.*] [*Bd.*] *of Prob*[.] [*&*] *Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998).

*Spruill v. Pa. Bd. of Prob. & Parole*, 158 A.3d 727, 730 (Pa. Cmwlth. 2017) (emphasis added).

It is undisputed that, on June 10, 2009, the Board paroled Small from his original sentence to a detainer sentence in Delaware County. "Accordingly, [Small] was 'at liberty on parole' from his first sentence while incarcerated on his [detainer] sentence . . . ." *Hines*, 420 A.2d at 384; *see also Spruill*. Because Small was on parole from his original sentence at the time he was convicted of the federal offense, on January 5, 2012, the Board properly lodged a detainer against Small for his parole violation. Viewing the record in the light most favorable to the nonmoving party and resolving all doubts as to the existence of a genuine issue of material fact against the moving party, as we must, this Court holds that "there is no genuine issue

---

[4] What was formerly known as the Parole Act was repealed on August 11, 2009, and was replaced by the Prisons and Parole Code (Parole Code), 61 Pa.C.S. §§ 101-7301. Section 6138(a) of the Parole Code, 61 Pa.C.S. § 6138(a), is substantially similar to Section 21.1 of the former Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, formerly 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147.

of any material fact[,]" and "the [Board's] right to relief is clear[.]" *Scarnati*, 173 A.3d at 1118 (quoting Pa.R.Civ.P. 1035.2(a)). Consequently, this Court denies Small's Motion, grants the Board's Application, and dismisses the Petition.

For all of the above reasons, Small's Motion is denied, the Board's Application is granted, and the Petition is dismissed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Small (aka) Arthur Greentree      :
(Parole No.# 8843V),                  :
                     Petitioner     :
                                 :
         v.                     :
                                 :
Pennsylvania Parole Board,     :    No. 491 M.D. 2022
                   Respondent   :

## O R D E R

AND NOW, this 11th day of October, 2024, the Motion for Summary Judgment filed by Kevin Small a/k/a Arthur Greentree (Small) is DENIED, the Pennsylvania Parole Board's Application for Summary Relief is GRANTED, and Small's Petition for Review is DISMISSED.

Small's Addendum Petition Pertaining to Illegal Parole Detainer is DENIED.

_____
ANNE E. COVEY, Judge