Wayne Miller, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 22, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Catherine Ann Porter,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, January 10, 1983:

Wayne Miller (petitioner) appeals here an order of the Pennsylvania Board of Probation and Parole (Board) which recommitted him for 15 months after he had been found to be in violation of the terms of his parole.

The petitioner was convicted in 1976 for the crimes of rape and robbery, among others. After serving some of the sentence then imposed, he was paroled in May of 1980, one of the parole conditions being that he remain in the district of the Commonwealth to which he had been paroled (Philadelphia) unless he had written permission from his parole agent to go elsewhere. 37 Pa. Code §63.4(1). In May of 1981, he was arrested in Bucks County, Pennsylvania on charges of retail theft and simple assault, and he was convicted and sentenced. In January of 1982, a violation-of-parole hearing was held, with the Board's decision being to recommit the petitioner as

a technical parole violator for six months and as a convicted parole violator for nine months in addition. He appealed this order, alleging that the Board abused its discretion in recommitting him for 15 months, especially in light of the evidence presented which showed, according to him, that he was making progress towards rehabilitation.

The General Assembly has granted broad discretionary authority to the Board in deciding whom to recommit and for how long. Section 21.1 of the Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a; *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977) *aff'd,* 491 Pa. 291, 420 A.2d 1324 (1980); *Commonwealth v. Vladyka,* 425 Pa. 603, 229 A.2d 920 (1967). Moreover, the Board has promulgated regulations establishing presumptive ranges for parole violations, and the range for a conviction of simple assault is from nine to 15 months, 37 Pa. Code §75.2, while the range for violation of the travel condition is from six to 12 months. 37 Pa. Code §75.4.[1] The Board, after considering all of the evidence presented, including the statements of the petitioner's parole agent, imposed the minimum period suggested by the respective presumptive ranges.

We must hold, therefore, that the petitioner has violated the terms of his parole and that the Board's decision to recommit him for 15 months is in accordance with law and does not amount to an abuse of discretion. *See Benefiel v. Board of Probation and Parole,* 57 Pa. Commonwealth Ct. 401, 426 A.2d 242 (1981).

We will affirm the order of the Board.

---

[1] 37 Pa. Co. §75.1 and §75.3 state how the ranges are to be employed by the Board.

 99

ORDER

AND Now, this 10th day of January, 1983, the order
of the Pennsylvania Board of Probation and Parole
in the above-captioned matter is hereby affirmed.