Isiah Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, May 4, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Daniel McGee,* Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, June 28, 1983:

Isiah Robinson appeals from an order of the Pennsylvania Board of Probation and Parole (board) recommitting him for twenty-one months as both a technical and convicted parole violator.

On December 15, 1977, the Philadelphia County Court of Common Pleas sentenced Robinson to a term of six months to five years. The board paroled Robinson on September 8, 1978, aftre he had served approximately nine months in the Philadelphia County Prison.

Robinson's parole officer declared him delinquent, effective February 22, 1979, because Robinson had stopped reporting to him. Robinson also had left his approved residence and had travelled without permission, thereby further violating the terms of his parole. On November 6, 1980, while still on parole, Robinson pleaded guilty to criminal trespass, and the Delaware County court sentenced him to a term of three-to-eight years. Robinson is now serving that sentence in a state correctional institution.

The board, after a hearing, ordered Robinson recommitted, when available, for twelve months as a technical parole violator and for nine months as a convicted parole violator.[1] Thus, the board's order provides that the backtime shall follow the new sentence.

---

[1] The Order of the Board of Probation and Parole, dated March 11, 1981, states:

Recommit as a technical parole violator when available, and review after serving 12 months, and as a convicted parole violator when available, and review after serving 9 months, for a total of 21 months. Evidence relied on: Agent's testimony, documents submitted, and your testimony. Presumptive range for Criminal Trespass is 3 to 6 months. Reasons: 1. Violation of Conditions 2, 3, 5 and 7 established. 2. Conviction in a court of record established as to second degree felony. 3. Short time under supervision. 4. In delinquent status.

Robinson here argues that the board thereby incorrectly established the date upon which he should begin serving the backtime on his original sentence and that the twenty-one month period was excessive under the circumstances.

Robinson first contends that he should serve the backtime on his original sentence before he begins to serve his new sentence. He relies upon §21.1 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. 331.21a, which provides in relevant part:

> If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
>
> (1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such state Penal or correctional institution.
>
> ....
>
> In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

Robinson's position apparently is that he should have served the first nine months of his original sentence in a state correctional institution, so that subsection (1) would control the disposition of his case.

That argument ignores the plain language of the statute, which specifies only the nature of the institution from which the parole occurs. Regardless of the propriety of his incarceration there, Robinson was paroled from a county institution, and §21.1 does not apply to his present situation.

Robinson next argues that twenty-one months of backtime is excessive in the circumstances of his case, and that the board did not state any aggravating circumstances which would justify imposition of backtime longer than the three-to-six-month presumptive range for criminal trespass.

The legislature has invested the board with the authority to make parole decisions. Section 21.1[2] provides that the board may, in its discretion, order the recommitment of any parolee who, like Robinson, pleads guilty to certain crimes while on parole.

The cases have established that, absent an abuse of discretion, the court will not review the board's recommitment decision.[3] Although the presumptive backtime range for a conviction of criminal trespass is three to six months,[4] the board's order contains sufficient written justification for imposing the longer term, and the total of twenty-one months is well within the range of Robinson's original sentence.

We find no abuse of discretion, and accordingly, we affirm.

ORDER

Now, June 28, 1983, the order of the Board of Probation and Parole, dated March 11, 1981, is affirmed.

---

[2] Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.21a.

[3] *Miller v. Pennsylvania Board of Probation and Parole*, 71 Pa. Commonwealth Ct. 96, 454 A.2d 1148 (1983); *Mitchell v. Pennsylvania Board of Probation and Parole*, 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977) *aff'd.*, 491 Pa. 291, 420 A.2d 1324 (1980).

[4] 37 Pa. Code §75.2.