Robert W. Smith, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 21, 1983, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Thomas G. Klingensmith,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 1, 1983:

Robert W. Smith (petitioner) appeals here an order of the Pennsylvania Board of Probation and Parole (Board) which denied administrative relief from the Board's prior recommitment order.

The Board ordered recommitment of the petitioner, after a hearing, based upon evidence of technical violations[1] of his parole conditions and a conviction in the Court of Common Pleas of Bucks County on the charge of receiving stolen property.

The petitioner argues first that the Board violated the provisions of Section 9721(b) of the Sentencing Code, 42 Pa. C. S. §9721(b)[2] by failing to consider mitigating factors presented to the Board that would tend to show that the petitioner was actively attempting to rehabilitate himself. It is well-established,

---

[1] These technical violations included failure to report to the Parole Supervision Staff, failure to notify the Staff within 72 hours of his arrest on new charges, and traveling outside the district to which he was paroled without written permission.

[2] The statute provides, in pertinent part, that:
the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant....

however, that the Board has broad discretion in its administration of the parole laws. *Miller v. Pennsylvania Board of Probation and Parole*, 71 Pa. Commonwealth Ct. 96, 454 A.2d 1148 (1983). And, regarding the effect of the Sentencing Code on parole revocations, this Court recently stated that the provisions of that statute do not apply to the procedures of the Board, either expressly or by implication. *Trenge v. Pennsylvania Board of Probation and Parole*, 71 Pa. Commonwealth Ct. 523, 456 A.2d 224 (1983).

The petitioner next argues that the Board must articulate its reasons and thought processes for the recommitment action on the face of the order. Here the order states unequivocally the reasons for the recommitment, namely, violations of conditions 1, 3A, and 3B of the petitioner's parole and new convictions in a court of record. We believe, therefore, that it adequately indicates the basis of the Board's action. Reference to the numbered conditions of the parole and to the fact of the petitioner's conviction in common pleas court on new charges constitutes a sufficient expression of the facts upon which the order is based. *See Rothman v. Jacobs*, 38 Pa. Commonwealth Ct. 259, 392 A.2d 903 (1978).

Finding no abuse of discretion or error of law, *Miller*, we must affirm the Board's order.

### ORDER

AND, Now, this 1st day of September, 1983, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.