Ronald C. Fahlfeder, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*Ron Turo,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, February 2, 1984:

This is an appeal by Ronald Fahlfeder (Petitioner) from the denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board) and affirmance of orders recommitting him for thirty-six months as a technical parole violator, and twenty-four months as a convicted parole violator. We affirm.

Petitioner was paroled on November 13, 1981, from the State Correctional Institution at Dallas where he had been serving a three to ten year sentence and a concurrent three to fifteen year sentence on two separate morals convictions involving young boys. His parole plan included residence at the Yokefellow Center in Williamsport. As a condition of his parole, Petitioner was prohibited from associating with minor children. On January 2, 1982, Petitioner was arrested on new morals charges involving a boy of ten.

On March 29, 1982, Petitioner and appointed counsel, Jane Shinko, Esquire, appeared for a final violation hearing. Petitioner, on advice of counsel, waived his right to a full Board hearing. During the hearing, the testimony of The Reverend Mr. Mosteller, Director of the Yokefellow Ministry at which Petitioner resided, was admitted over objection interposed by counsel for Petitioner. On April 27, 1982, the Board ordered Petitioner recommitted to serve thirty-six months backtime for technical parole violations.

On November 23, 1982, Petitioner appeared before the Lycoming County Court of Common Pleas and entered guilty pleas to the charges for which he had been arrested. He was immediately sentenced to a term of three and a half to seven years in a state institution. At the request of counsel, a continuance was granted at a revocation hearing on the new convictions to allow Petitioner to begin therapy with the Sex Offenders Group under the direction of a Mr. Love. On March 8, 1983, the Board convened a revocation hearing on the new criminal convictions and refused Petitioner's request for further continuance. On March 29, 1983, the Board recommitted Petitioner as a convicted parole violator to serve an additional twenty-four months backtime.

On April 20, 1983, counsel for Petitioner filed a request for administrative relief which the Board de-

nied on May 5, 1983. On June 3, 1983, counsel for Petitioner filed an additional request for administrative relief which was denied on July 1, 1983.[1] Petitioner seeks review by this Court.

Before this Court, Petitioner first argues that the failure of counsel at the March 29, 1982, hearing to request a continuance until the criminal charges against him were resolved constituted ineffective assistance of counsel thereby depriving him of his right to adequate representation.[2] Petitioner argues that if the technical violations and the subsequent criminal convictions had been considered together at a single hearing, he would have stood a greater chance of more lenient treatment by the Board and receiving less recommitment time. He therefore argues that his counsel had no reasonable basis for not requesting a continuance. We disagree. Petitioner's argument that consideration of the technical violations with the criminal convictions would have resulted in less ordered backtime is speculative at best. The Board has broad discretion to recommit a parole violator separately for convictions and for technical violations arising out of the same incident. *See Miller v. Pennsylvania Board of Probation and Parole*, 71 Pa. Commonwealth Ct. 96, 454 A.2d 1148 (1983). A decision not to take a particular action is not tantamount to ineffective assistance of counsel when based on a reasonable conclusion that there will be no benefit. *Commonwealth v. Blair*, 491 Pa. 499, 421 A.2d 656 (1980).

Petitioner also alleges error in the admission of the testimony of The Reverend Mr. Mosteller, director of the Yokefellow Center. Reverend Mosteller testi-

---

[1] The June 3, 1983 request was denied as untimely filed.

[2] *See Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050 (1981) ; *Passaro v. Pennsylvania Board of Probation and Parole*, 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981).

fied that when confronted with information he had received, Petitioner had admitted associating with young boys on two occasions since his parole. Section 5943 of the Judicial Code, 42 Pa. C. S. §5943, provides:

No clergyman, priest, rabbi or minister of the gospel of any regularly established church or religious organization, except clergymen or ministers, who are self-ordained or who are members of religious organizations in which members other than the leader thereof are deemed clergymen or ministers, who while in the course of his duties has acquired information from any person secretly and in confidence shall be compelled or allowed without consent of such person, to disclose that information in any legal proceeding, trial or investigation before any governmental unit.

Clearly, this provision of the Code does not prohibit *all* testimony by members of the clergy. Rather, it is limited to information told in confidence to them in their role as confessor or counselor. Petitioner established nothing in the record here indicating a confessor/penitent relationship with The Reverend Mr. Mosteller, and the record does not indicate that the admissions by Petitioner were offered in confidence. The Reverend Mr. Mosteller's role toward Petitioner was that of volunteer or auxiliary supervisor to assist in his rehabilitation on parole. Without a demonstration that his role was that of confessor or confidant, the admissions sought to be excluded did not fall within the protection of Section 5943.

Next Petitioner argues that he was denied effective assistance of counsel at the March 8, 1983, hearing. At that hearing, counsel for Petitioner requested a further continuance. When continuance was denied, counsel was apparently unprepared to proceed,

and Petitioner urges that because counsel had not prepared testimony for him he was permitted to ramble on to his disadvantage. This, he urges, constituted ineffective assistance of counsel. We cannot agree. The obligation of counsel to advise Petitioner and advocate his interest does not extend to telling Petitioner what to say at a hearing before the Board. In addition, while counsel's expectation that a further continuance would be granted was an error of judgment, we find no prejudice in the error. The conviction itself was sufficient evidence for the Board to recommit Petitioner;[3] Petitioner offers no indication that any testimony likely to overcome this evidence would have been presented otherwise.

Petitioner also argues that the failure to grant further continuance at the March 8, 1983 hearing contravened the Board's own regulations and was therefore error. 37 Pa. Code §71.5(e) provides:

Reasonable continuances for any hearing may be granted upon cause shown.

Petitioner urges that a continuance was needed to allow further contact with the therapy group directed by Mr. Love. It is argued that further contact with the group would allow Mr. Love, a professional in this area of counseling, to inform the Board of the best rehabilitation possibilities for Petitioner.

First we note that the regulation relied on makes the granting of a continuance discretionary with the Board. In addition, we again see no prejudice to the Petitioner in the course of action followed. As noted above, the conviction itself was sufficient grounds to order Petitioner recommitted. Any evidence concerning his potential for rehabilitation, developed as Peti-

---

[3] *Tate v. Pennsylvania Board of Probation and Parole*, 40 Pa. Commonwealth Ct. 4, 396 A.2d 482 (1979) ; *Rothman v. Jacobs*, 38 Pa. Commonwealth Ct. 259, 392 A.2d 903 (1978).

tioner continues in a counseling program, would be offered for purposes of mitigation only and its value is preserved in Petitioner's right to request reconsideration from the Board when demonstrable progress in the program warrants it.

Finally, Petitioner argues that the amount of backtime ordered was excessive and constitutes an abuse of the Board's discretion.[4] Petitioner points out that while the twenty-four month recommitment as a convicted parole violator was within the presumptive range, the thirty-six months ordered for the technical violation arising out of the same incident[5] well exceeded the six to eighteen month presumptive range for violation of a special condition. 37 Pa. Code §75.1(c) and §75.3(c) provide that the Board may deviate from the presumptive range provided sufficient written justification is given. The Board's order indicated that it considered the short time during which Petitioner had been on parole (six months) and the fact that the violation evidenced a continuing pattern of the behavior for which Petitioner had originally been incarcerated, to warrant deviation from the presumptive range. We find no abuse of discretion in the Board's order.

## Order

Now, February 2, 1984, the determinations and orders of the Pennsylvania Board of Probation and Parole in the above referenced matter, dated April 27, 1982, and March 29, 1983, are hereby affirmed.

---

[4] Absent an abuse of discretion, this Court will not review the Board's recommitment decision. *Robinson v. Pennsylvania Board of Probation and Parole*, 75 Pa. Commonwealth Ct. 268, 461 A.2d 903 (1983).

[5] As noted above, the Board may recommit a parole violator for both convictions and technical violations arising out of the same incident. *See Miller.*