513 A.2d 493

Frank Greco, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 9, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frank Greco,* with him, *Lester G. Nauhaus,* Public Defender, *John H. Corbett, Jr.,* Chief-Appellate Division, and *Richard S. Levine,* Appellate Counsel, for petitioner.

No appearance for respondent.

OPINION BY JUDGE PALLADINO, July 22, 1986:

This is an appeal by Frank Greco (Petitioner) from a denial of his request for administrative relief by the Board of Probation and Parole (Board). We affirm.

On October 11, 1974, Petitioner was sentenced to a term of two and one-half to ten years for robbery and he was subsequently released on parole. While on parole he was arrested and pled guilty to a charge of possession of an instrument of a crime. He was then sentenced in Dauphin County on September 20, 1982, to serve a term of two to five years. In addition, Petitioner was recommitted as a parole violator by the Board and the

maximum expiration date on his original sentence was extended to July 8, 1989.

Petitioner was again granted parole on February 23, 1984, subject to a number of conditions including Condition 5(b) which required that he "refrain from owning or possessing any firearms or other weapons. . . ." On January 9, 1985, Petitioner was arrested and charged with two counts of receiving stolen property, and two counts of violating the Uniform Firearms Act.[1] A parole detainer was lodged against Petitioner on the following day due to the arrest.

On January 30, 1985, a preliminary hearing on these charges was held, at which time all charges against Petitioner were dismissed with the exception of firearm not to be carried without a license. Petitioner filed a writ of *habeas corpus* with the Court of Common Pleas of Washington County (trial court) and, upon agreement of counsel, the trial court reviewed the record of the preliminary hearing and dismissed the charge of firearm not to be carried without a license.

Thereafter, on April 11, 1985, a parole revocation hearing was held. The testimony of both the arresting officer and Petitioner was heard concerning the events which transpired on January 9, 1985. The Board, upon review of the hearing examiner's findings and recommendations, concluded that Petitioner's violation of condition 5(b) had been established by a preponderance of the evidence. The Board noted that the presumptive range for Petitioner's violation was six to twelve months and ordered Petitioner recommitted as a Technical Parole Violator (TPV) to serve a total of twenty-four

---

[1] 18 Pa. C. S. §§6101-6120. The two counts consisted of: (1) one count of firearm not to be carried without a license, 18 Pa. C. S. §6106; and (2) one count of former convict not to own firearm, 18 Pa. C. S. §6105.

months backtime.[2] After being denied administrative relief from the order, Petitioner initiated this appeal.

The Board has been granted great discretion by the legislature in matters concerning parole. *Barlip v. Pennsylvania Board of Probation and Parole,* 45 Pa. Commonwealth Ct. 458, 405 A.2d 1338 (1979). Consequently, absent a violation of constitutional rights or a showing of arbitrary and capricious disregard for the fact finding process, this Court will not interfere with the Board's determination. *Bradshaw v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983).

Petitioner first alleges that the Board erred by recommitting him as a TPV in light of the fact that all criminal charges against him had been dismissed prior to his parole revocation hearing. We find Petitioner's claim to be without merit.

Petitioner cites *Commonwealth v. Brown,* 503 Pa. 514, 469 A.2d 1371 (1983), in support of his argument. In *Brown* a probationer was arrested for robbery and criminal conspiracy while still on probation for previous robbery charges. Probationer's trial on these subsequent charges resulted in an acquittal. Thereafter, a probation revocation hearing was held in which probation was revoked and a sentence of two to five years was imposed. The Pennsylvania Supreme Court held that the Commonwealth was collaterally estopped from revoking probation after probationer had been acquitted of criminal charges arising from the same conduct.

In defining collateral estoppel, the court in *Brown* adopted the definition promulgated by the United States Supreme Court in *Ashe v. Swenson,* 397 U.S. 436

---

[2] 37 Pa. Code §75.1(c) allows the Board to deviate from the presumptive range provided sufficient written justification is given. *Fahlfeder v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 86, 470 A.2d 1130 (1984).

(1970). The *Ashe* court explained the rule of collateral estoppel as follows:

> It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

*Id.* at 443.

*Brown,* however, is distinguishable from the case at bar. Petitioner's parole revocation hearing followed a dismissal of the criminal charges subsequent to a preliminary hearing, not an acquittal after a trial. Therefore, there had been no final determination of fact by a court of law prior to Petitioner's revocation hearing, as such, the doctrine of collateral estoppel does not apply. Collateral estoppel is properly applicable only when the earlier judgment is the result of a hearing in which the guilt or innocence of the accused has been fully litigated and finally determined. The primary purpose for a preliminary hearing is not to determine the guilt or innocence of an accused but to protect an individual from unlawful arrest, detention or imprisonment for a crime which was never committed, or for a crime of which there is no evidence of the individual's connection. *See Commonwealth v. O'Brien,* 181 Pa. Superior Ct. 382, 124 A.2d 666 (1956). *See also Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A.2d 565, (1964). "A finding by a committing magistrate [or Judge] that the Commonwealth has failed to establish a *prima facie* case is not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present. . . ." *Commonwealth v. Cartagena,* 482 Pa. 6, 14, 393 A.2d 350, 354 (1978).

Petitioner also alleges that he was arrested subsequent to the completion of his maximum sentence and, therefore, was not subject to the Board's jurisdiction.

The evidence in the record is contrary to this allegation. The hearing examiner found, and his finding is supported by substantial evidence, that Petitioner was on parole from a sentence of two and one-half to ten years with a maximum date of July 8, 1989.

In light of the foregoing, we affirm the Board's decision to recommit Petitioner for twenty-four months[3] backtime as a TPV.

## ORDER

AND NOW, July 22, 1986, the order of the Pennsylvania Board of Probation and Parole, at Parole No. 8893-J, dated August 12, 1985, is affirmed.

---

[3] Although Petitioner does not challenge the duration of the recommitment, we note that the Board's twenty-four month recommitment period exceeds the six to twelve month presumptive range for violations of a special condition.

The Board's order states several aggravating circumstances for the twenty-four month period:

1) The client is on parole for a serious offense, 2) violation relates to the current offense, 3) evidence of crimes within the client's control, 4) possession of firearm involved, and 5) the client is a threat to the community.

We find no abuse of discretion in the Board's order.