568 A.2d 1349

**Patrick Daniel CLIFFORD, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 9, 1989.

Decided Jan. 18, 1990.

Taylor P. Andrews, Asst. Public Defender, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Petitioner, Patrick Daniel Clifford, appeals an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief and ordered that he be recommitted to serve sixteen months on backtime for violating two special conditions of his parole.

Originally, Petitioner was arrested and convicted of terroristic threats and two counts of simple assault. He was sentenced to a minimum of two years, nine months and a maximum of nine years in the State Correctional Institution at Rockview. On July 20, 1987, Petitioner was paroled. He was recommitted as a technical parole violator on November 19, 1987, and ordered to serve five months on backtime.

On May 7, 1988, Petitioner was again paroled. His parole was subject to regular and special conditions imposed by the parole supervision staff.[1] Two special conditions imposed were combined to form Condition # 6: "must not consume alcohol or, for any reason, enter bars or other establishments that serve alcohol."

Petitioner telephoned the police on October 31, 1988 and asked them to deliver him to the Cumberland County Prison as a technical parole violator (TPV) because he had been drinking. The police notified Petitioner's parole agent who agreed to issue an arrest warrant on Petitioner for Petitioner's violation of his parole. Upon his arrest, Petitioner admitted to his parole agent that he had drank five beers that night in Earl's Sub Shop, an establishment that sells alcoholic beverages.

A preliminary hearing was held on Petitioner's two technical parole violations and probable cause was established. On January 23, 1989, a violation hearing was held concerning Petitioner's two technical parole violations.[2]

At his violation hearing, Petitioner again admitted that he violated both counts of Condition # 6 on October 31, 1988. Petitioner requested, however, as part of his rehabilitative program, not to be recommitted to the State Correctional Institution at Camp Hill, but to be allowed to stay at the Cumberland County Prison so that he could continue taking classes at the Harrisburg Area Community College (HACC). At the Cumberland County Prison, Petitioner claimed he

1. The conditions are listed in the certified record (C.R.) at pages 9–10.

2. Originally, the parole violation hearing was scheduled for December 19, 1988 before a Board hearing examiner. That hearing was continued at Petitioner's request until January 23, 1989.

would be able to receive schooling at HACC through the Prison's work release program which would allow him to go out on a work release status to school and come back the same day while no such opportunity would be available at Camp Hill. The Hearing Examiner noted Petitioner's request and stated that he would make such a recommendation, but that the Board did not have the authority to order where Petitioner was to serve his backtime since this was a determination for the Department of Corrections.

The Board decided to recommit Petitioner as a technical parole violator for sixteen months and the Department of Corrections ordered Petitioner to be recommitted to the State Correctional Institution at Camp Hill. In order to be considered for reparole at a later date, the Board ordered that, while confined, Petitioner must participate in substance abuse counseling, mental health counseling, a prescriptive program plan, and educational training. Moreover, the Board ordered that Petitioner must successfully complete the requirements of his educational program and stay free of misconducts.

Petitioner thereafter filed a request for administrative relief, claiming, *inter alia,* that "the Board's imposition of the mandates that he successfully complete his vocational and educational goals, at Harrisburg Area Community College is no longer a viable or realistic educational or vocational endeavor" [3] because he was recommitted to the State Correctional Institution at Camp Hill. His request was denied and this petition for review followed.

■ When petitioned to review a Board's recommitment decision, our scope of review is limited to whether the Board abused their discretion. *Fahlfeder v. Pennsylvania Board of Probation and Parole,* 80 Pa.Commonwealth Ct. 86, 470 A.2d 1130 (1984). Petitioner argues that the Board abused its discretion in requiring Petitioner to successfully complete the requirements of his educational program at HACC in order to be considered for reparole when he

3. C.R. at 70.

cannot do so from the State Correctional Institution in Camp Hill.

The Board argues that we should not address the merits of Petitioner's argument because Petitioner did not raise this issue in his administrative appeal, and therefore, waived it. We disagree.

Review of Petitioner's Petition For Administrative Appeal convinces us that Petitioner preserved the issue regarding the requirements of his educational program. First, in paragraph 21 of his Petition, Petitioner argues that his educational program at HACC is no longer a viable or realistic educational or vocational endeavor because he was recommitted to the State Correctional Institution in Camp Hill instead of being allowed to remain at the Cumberland County Prison. Additionally, in his Prayer for Relief, Petitioner states that the Board abused its discretion in recommitting him to sixteen months in light of the fact that, by his recommitment to the State Correctional Institution in Camp Hill, his educational opportunity is no longer a possibility. Consequently, we find that Petitioner preserved the issue of whether the Board abused its discretion in requiring him to complete his educational program before he would be considered for reparole.

Turning to the merits of the case, the Board ordered that, while Petitioner was confined, he must successfully complete the requirements of his educational program in order to be considered for reparole in 1990. Specifically, the portion of the Board's decision that Petitioner finds objectionable reads as follows:

While confined, you must participate in substance abuse counseling, mental health counseling, prescriptive program plan, and educational training. *You must successfully complete the requirements of your educational program.* You must stay free of misconducts. (Emphasis added.)

The Board argues that the educational programs they meant for Petitioner to successfully complete were those offered by the Department of Corrections at the various

State Correctional Institutions and not Petitioner's former educational pursuits at HACC.

We interpret the Board's requirement of "successful completion of your educational program" to be the successful completion of the program offered by the correctional institution in which Petitioner was placed by the Department of Corrections and not Petitioner's personal educational program at HACC, as asserted by Petitioner. We arrive at this interpretation because it was acknowledged during Petitioner's Violation Hearing that the Board had no authority to place Petitioner at a certain correctional institution. The Board could only make a recommendation to the Department of Corrections regarding where Petitioner was to serve his recommitment, and the Department of Corrections made the ultimate destination determination. Thus, the Board could not require Petitioner, as a condition for his reparole, to successfully complete his personal educational program at HACC when the Board had no control over where Petitioner would be recommitted, and Petitioner could only complete his degree at HACC by remaining in the Cumberland County Prison.

Because we feel compelled to interpret the Board's conditions for Petitioner's reparole in what we view to be a logical and sensible manner, given the Board's lack of authority to make the ultimate destination determination, we find that the Board's requirement refers to the successful completion of the educational program at the State Correctional Institution where Petitioner was confined by the Department of Corrections, which in this case, was the State Correctional Institution at Camp Hill.

Accordingly, having found no abuse of discretion, we affirm the Order of the Pennsylvania Board of Probation and Parole.

## ORDER

AND NOW, this 18th day of January, 1990, the Order of the Pennsylvania Board of Probation and Parole is affirmed.