*271 POPOVICH, Judge,
dissenting.
Because I construe the language of 42 Pa.C.S.A. § 5943 in a light differently than my esteemed colleagues, I cannot, in good conscience, subscribe to the analysis of this statute espoused by our Court in Commonwealth v. Patterson, 392 Pa.Super. 331, 572 A.2d 1258 (1990), and Hutchison v. Luddy, 414 Pa.Super. 138, 606 A.2d 905 (1992), and applied by the Majority herein.
The privilege attaching to confidential communications made to clergy stems chiefly from statutorily enacted law rather than common law. See 8 Wigmore, Evidence § 2394 (McNaughton Rev.Ed). In Pennsylvania, our General Assembly has provided the following law in recognizing that privilege:
§ 5943. Confidential communications to clergymen
No clergyman, priest, rabbi or minister of the gospel of any regularly established church or religious organization, except clergymen or ministers, who are self-ordained or who are members of religious organizations in which members other than the leader thereof are deemed clergymen or ministers, who while in the course of his duties has acquired information from any person secretly and in confidence shall be compelled, or allowed without consent of such person, to disclose that information in any legal proceeding, trial or investigation before any government unit.
1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978. 42 Pa.C.S.A. § 5943 (emphasis added). In evaluating the question of which communications to the clergy are privileged, our courts must give heed to the words enunciated by our General Assembly in its enactment of § 5943.
“[T]his Court is without authority to insert a word into a statutory provision where the legislature has failed to supply it.” Key Sav. and Loan Ass’n v. Louis John, Inc., 379 Pa.Super. 226, 232, 549 A.2d 988, 991 (1988), appeal denied, 523 Pa. 632, 564 A.2d 1260 (1989), citing, Worley v. Augustine, 310 Pa.Super. 178, 456 A.2d 558 (1983). “[W]hen the letter of a statute is clear and unambiguous, this Court is not free to *272 engraft additional verbiage upon it in a supposed effort to pursue its spirit.” Black v. Billy Penn Corporation, 72 Pa. Commw. 628, 632, 457 A.2d 192, 193 (1983), citing, 1 Pa.C.S.A. § 1921(b). See Amendola v. Civil Service Commission of Crafton Borough, 139 Pa.Commw. 76, 589 A.2d 775, 777 (1991) (a court lacks power to insert words into statutory provisions where the legislature has failed to supply them). “We are to presume the legislature did not intend a result that is absurd or unreasonable.” Commonwealth v. Runion, 427 Pa.Super. 217, 220, 628 A.2d 904, 906 (1993), citing, Commonwealth v. Martorano, 387 Pa.Super. 151, 563 A.2d 1229 (1989).
Here, the lower court, guided by decisions in Commonwealth v. Patterson, 392 Pa.Super. 331, 572 A.2d 1258 (1990), alloc. denied, 527 Pa. 631, 592 A.2d 1299 (1991), and in Fahlfeder v. Pa. Board of Probation and Parole, 80 Pa. Commw. 86, 470 A.2d 1130 (1984), found that the privilege is limited to information told in confidence to a clergyman in his role as a counselor or confessor. The court below determined that the Diocese had failed to establish that the information was obtained from a confessional or counselable relationship and thus rejected the Diocese’s assertion that the documents were protected from disclosure under § 5943.
In Patterson, 392 Pa.Super. at 341-45, 572 A.2d at 1264-65, and in Hutchison v. Luddy, 414 Pa.Super. 138, 145-50, 606 A.2d 905, 909-910 (1992), appeal discontinued, 531 Pa. 640, 611 A.2d 712 (1992), panels of our Court interpreted the language of § 5943 to limit the privilege to communications made for religious purposes wherein spiritual advice or forgiveness was sought.
The Diocese maintains that the General Assembly could have drafted the statute, as other states have done, to include words expressly limiting the privilege of confidential communication to clergy to information where the clergyman is acting in the sacramental capacity of a confessor or as a spiritual advisor. Indeed, § 5943 is completely devoid of such language requiring that privileged information be limited to that context. Instead, our General Assembly provided, “No clergyman ... who while in the course of his duties has acquired *273 information from any person secretly and in confidence shall be compelled, or allowed without consent of such person, to disclose that information in any legal proceeding____” 42 Pa.C.S.A. § 5943 (emphasis added). Contra N.Y.Civ.Prac.L. & R. 4505 (McKinney) (“Unless the person confessing or confiding waives the privilege, a clergyman ... shall not be allowed to disclose a confession or confidence made to him in his professional character as spiritual advisor.”); People v. Carmona, 82 N.Y.2d 603, 627 N.E.2d 959, 606 N.Y.S.2d 879 (1993) (confidential communication made pursuant to seeking spiritual help is privileged); People v. Schultz, 161 A.D.2d 970, 557 N.Y.S.2d 543 (1990), appeal denied, 564 N.E.2d 683, 563 N.Y.S.2d 73 (privilege not attaching where confidential communication between defendant and clergyman was not spiritual in nature); People v. Drelich, 123 A.D.2d 441, 506 N.Y.S.2d 746 (1986) (same). Contra Ohio Rev.Code Ann. § 2317.02(c) (“The following persons shall not testify in certain respects ... a clergyman ... concerning a confession made, or any information confidentially communicated, to him for a religious counseling purpose in his professional character.”); Radecki v. Shuckardt, 50 Ohio App.2d 92, 361 N.E.2d 543 (1976) (privilege not applicable to confidential communication not for confessional purposes). Contra Cal.Evid.Code §§ 1030-1034 (statutory privilege protects penitential communication); People v. Edwards, 203 Cal.App.3d 1358, 248 Cal.Rptr. 53 (1988) (privilege not attaching to statements made for purpose of seeking secular counseling rather than for absolution).
Upon assessing the language of § 5943, I find that the only requirement for the information to be privileged is that the communication be made secretly and in confidence while the clergyman is in the course of his duties. Compare ULRev. Stat. ch. 735, § 5/8-803 (“A clergyman ... shall not be compelled to disclose in any court ... a confession or admission made to him or her in his or her professional character or as spiritual advisor in the course of the disciplined enjoined ..., nor be compelled to divulge any information which has been obtained by him or her in such professional character or as such spiritual advisor.”); Snyder v. Poplett, 98 Ill.App.3d 359, *274 53 Ill.Dec. 761, 424 N.E.2d 396 (1981), (confidential communication between clergyman and testatrix concerning source of testatrix’s assets in will contest was protected from disclosure under clergyman’s privilege). If the General Assembly intended the privilege to be limited to communications confessional or counselable in nature, it could have easily incorporated words confining the privilege as such. Instead, the General Assembly painstakingly enacted § 5943 without requiring the privilege to be limited to the aforementioned forms of communication. Contrarily, the majority and our Court’s panel decisions in Patterson, supra, and Hutchison, supra, have inserted words into the plain meaning of § 5943 thereby straining the applicability of the privilege. Compare Commonwealth v. Fisher, 485 Pa. 8, 400 A.2d 1284 (1979) (improper for court to add a phrase in its construction of statute where that construction affects scope of statute). Because our Court has essentially re-written § 5943, I find that the works of our legislature have been thwarted. Should change in § 5943 be considered prudent, that change must come from the General Assembly and not from this Court. See Black v. Billy Penn Corp., 72 Pa.Commw. at 430-32, 457 A.2d at 193.
Further, upon evaluating the language of § 5943 in relationship to the language of other sections enacted by the General Assembly which provide for privileged communications, I find § 5943’s scope of privileged communications to be distinguishable. The privileges available under 42 Pa.C.S.A. §§ 5942, 5944 and 5945.1, provide clear limitations for the information to be protected from disclosure. Those sections provide express statements as to the recipient’s role or function for the communication to be privileged. Section 5942 reads as follows:
(a) General rule. — No person engaged on, connected with, or employed by any newspaper of general circulation or any press association or any radio or television station, or any magazine of general circulation, for the purpose of gathering, procuring, compiling, editing or publishing news, shall be required to disclose the source of any information pro *275 cured or obtained by such person, in any legal proceeding, trial or investigation before any government unit.
42 Pa.C.S.A. § 5942 (emphasis added). Section 5944 states:
No person who has been licensed ... to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.
42 Pa.C.S.A. § 5944 (emphasis added). Section 5945.1 sets forth definitions clearly explaining the scope of which communications are privileged between the victim and the sexual assault counselor. For example, that section defines the role of the sexual assault counselor as, “[a] person who is engaged in any office, institution or center defined as a rape crisis center under this section ... whose primary purpose is the rendering of advice, counseling or assistance to victims of sexual assault.” 42 Pa.C.S.A. § 5945.1(a).
“Where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute is significant to show a different intent existed.” Richerson v. Jones, 551 F.2d 918 (3d Cir.1977). Compare Commonwealth v. Bigelow, 484 Pa. 476, 399 A.2d 392 (1979) (Supreme Court quotes Richerson, supra, in case where sections within same statute differ in inclusion of provision). Sections 5942, 5943, 5944 and 5945.1 all provide privileges for confidential communication. However, whereas §§ 5942, 5944 and 5945.1 contain provisions or language limiting the scope of which confidential communications are privileged, § 5943 does not. Because of this omission, I find that the General Assembly intended to give broader protection to confidential communication to clergy than determined by our Court in Patterson, supra, and Hutchison, supra.
The Majority herein finds that an in camera review of the documents requested by defendant would properly determine *276 which documents are privileged within the scope of § 5943. However, I am of the opinion that such an inspection would make the clergy privilege an illusory one. An in camera review of documents that are absolutely privileged constitutes error. Commonwealth v. Kennedy, 413 Pa.Super. 95, 111-13, 604 A.2d 1036, 1045 (1992) (en banc), appeal denied, 531 Pa. 638, 611 A.2d 711 (1992) (records of confidential communication between sexual assault victim and psychotherapist are absolutely privileged pursuant to 42 Pa.C.S.A. § 5945.1, and not subject to in camera review).- Commonwealth v. Kyle, 367 Pa.Super. 484, 533 A.2d 120 (1987) (psychologist-client privilege established by 42 Pa.C.S.A. § 5944 is absolute and not subject to in camera review). See Commonwealth v. Wilson/Aultman, 529 Pa. 268, 602 A.2d 1290 (1992), cert. denied, — U.S.-, 112 S.Ct. 2952, 119 L.Ed.2d 574 (1992) (privilege codified at 42 Pa.C.S.A. § 5945.1 is absolute); Hatchard v. Westinghouse Broadcasting Company, 516 Pa. 184, 532 A.2d 346 (1987) (although 42 Pa.C.S.A. § 5942 provides absolute privilege of confidential communication between media and informant, protection not attaching to non-confidential material in defamation case). Contrast Commonwealth v. Eck, 413 Pa.Super. 538, 545, 605 A.2d 1248, 1252 (1992) (“[A] privilege which is statutorily enacted, but which is subject to exceptions, is not absolute and access to a criminal defendant may be required.”); Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (since 11 P.S. § 2215 (now 23 Pa.C.S.A. § 6339) provided various exceptions to non-disclosure of information, privilege was not absolute and thus information was subject to in camera review).
Section 5943 does not contain language qualifying or excepting the privilege. In light of the foregoing cases, I find that § 5943 affords an absolute privilege to communication within its purview. Having addressed the question of which communications are privileged within the scope of that section, I find that the information sought to be protected from disclosure by the Diocese satisfies the requirements to be privileged communication. Consequently, I conclude that an in camera review of that information would constitute error. “Subject *277 ing the confidential [information] to in camera review by the trial court (as well as the appellate courts and staff members) would ... undermine the public interests supporting the privilege. Simply stated, an absolute privilege of this type and in these circumstances requires absolute confidentiality.” Kennedy, 413 Pa.Super. at 115-16, 604 A.2d at 1047. “It should be readily apparent that the general powers of courts do not include the power to order disclosure of materials that the legislature has explicitly directed to be kept confidential.” Id. at 116, 604 A.2d at 1047, quoting, Commonwealth v. Moore, 526 Pa. 152, 159, 584 A.2d 936, 940 (1991).