J-S62007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARIEN GRADY, | |
| Appellant | No. 1736 EDA 2013 |

Appeal from the Judgment of Sentence entered May 16, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0011068-2009

BEFORE:  ALLEN, OLSON, and OTT, JJ.

MEMORANDUM BY ALLEN, J.:                 **FILED SEPTEMBER 26, 2014**

Darien Grady ("Appellant") appeals from the judgment of sentence imposed after the trial court determined he violated the conditions of his probation.  We affirm.

The trial court summarized the pertinent procedural history as follows:

> On May 6, 2010, [the trial court] sentenced [Appellant] to 14-30 months of confinement followed by six (6) years of reporting probation on the charge of Possession with Intent to Deliver.  That probation was concurrent to six years of reporting probation for a Conspiracy to Possess with Intent to Deliver conviction.  On July 24, 2012 [Appellant] was arrested and charged with Possession with Intent to Deliver, a violation of [his] probation.  The underlying July 24, 2012 case was dismissed for lack of evidence, at that time.  [The trial court] held a hearing on January 11, 2013 based upon a Daisey Kates motion for the violation of probation pursuant to **Commonwealth v. Daisey Kates**, 305 A.2d 701 (Pa. 1973). [The trial court] found Appellant in violation of his probation and sentenced him on May 16, 2013 based upon the violation to 7½-15 years in prison for the Possession with Intent to Distribute and five (5) years of probation to be consecutive to the

incarceration on the Conspiracy to Possess with Intent to Deliver.

Trial Court Opinion, 2/7/14, at 1-2.

Appellant filed a *pro se* motion to modify his sentence on May 20, 2013, on which the trial court did not rule, ostensibly because Appellant was represented by counsel. On May 28, 2013, Appellant's counsel filed an untimely motion for reconsideration, which the trial court denied by order dated May 30, 2013.[1] Appellant filed a notice of appeal on June 11, 2013.[2] On July 11, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not file a timely Pa.R.A.P. 1925(b) statement, and on October 21, 2013, the trial court filed a Pa.R.A.P. 1925(a) opinion in which it determined that Appellant's issues were waived because Appellant failed to comply with Pa.R.A.P. 1925(b).

On January 15, 2014, this Court entered an order remanding the certified record to the trial court to permit Appellant to file a concise statement of errors complained of on appeal *nunc pro tunc*. Following the filing of Appellant's Pa.R.A.P. 1925(b) statement, the trial court filed a second Pa.R.A.P. 1925(a) opinion on February 7, 2014.

_____

[1] The trial court order denying the motion for reconsideration does not specify whether the motion was denied because it was untimely.

[2] Appellant's notice of appeal was timely filed within thirty days of the judgment of sentence.

Appellant presents one issue for our review:

Where a previous court found after a full hearing that insufficient evidence existed to hold [A]ppellant for trial on a charge of possession with intent to deliver, was not the violation court precluded from revoking [A]ppellant's probation based on the same exact evidence?

Appellant's Brief at 3.

Appellant argues that the evidence was insufficient to support the revocation of his probation. "A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007) (citations and internal quotations omitted).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Id*. "When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation." *Commonwealth v. Allshouse*, 33 A.3d

- 3 -

31, 37 (Pa. Super. 2011) (quotation marks and citations omitted). "[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.]" *Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010) (citations and internal quotations omitted). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id*.

Here, at the January 11, 2013 probation revocation hearing, the trial court heard testimony from Officer Duane Watson of the Philadelphia Police Department Narcotics Strike Force. Officer Watson testified that on July 24, 2012, he was conducting narcotics surveillance in the area of 3300 North 5th Street in Philadelphia, when he saw an individual named Mr. Santiago approach Appellant and hand him United States currency in exchange for small items that Appellant retrieved from his pocket. N.T., 1/11/13, at 8-10. Thereafter, the police stopped Mr. Santiago, and recovered one packet of crack cocaine. *Id*. Appellant was also stopped and police officers retrieved from him $28 in U.S. currency. *Id*. Although Appellant testified that he only sold a cigarette and not crack cocaine to Mr. Santiago, the trial court expressly stated on the record that it did not find Appellant's version of

events credible, and based on Officer Watson's testimony, the trial court concluded that Appellant violated his probation. *Id*. at 37-38.

We find no abuse of discretion in the trial court's determination that the evidence supported revocation of Appellant's probation.

> The burden of proof for establishing a violation of probation is a preponderance of the evidence, lesser than the burden in a criminal trial of proof beyond a reasonable doubt. But there are other noteworthy differences between a probation revocation hearing and a criminal trial, and the manner in which each proceeding affects the other also is significant:
>
> The focus [of] a probation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future anti-social conduct. It must be emphasized that a probation revocation hearing is not a trial: The court's purpose is not to determine whether the probationer committed a crime. ... The degree of proof necessary for probation revocation is less than that required to sustain a criminal conviction. Probation may be revoked on the basis of conduct which falls short of criminal conduct.

*Commonwealth v. Castro*, 856 A.2d 178, 180 (Pa. Super. 2004) (ciatations and internal quotations omitted). *See also Ortega, supra* ("The question before us, therefore, is not whether the evidence admitted at the VOP hearing would, if admitted at trial, suffice to convict [the appellant] beyond a reasonable doubt ... but whether it showed by a preponderance of the evidence that probation had proven ineffective in rehabilitating [the appellant] and deterring him from antisocial behavior.")

Here, we find no error in the trial court's determination that the testimony of record was sufficient to demonstrate, by a preponderance of

the evidence, that Appellant's probation was ineffective in accomplishing rehabilitation and had not deterred Appellant's antisocial conduct. Appellant argues that the trial court was precluded under the doctrine of collateral estoppel from revoking his probation. Appellant's Brief at 10-14. Appellant maintains that because the July 24, 2012 drug charges were dismissed at a preliminary hearing where the trial court determined that there was insufficient evidence to present a *prima facie* case against Appellant, the trial court in this case was precluded from revoking Appellant's probation based on that same evidence. *Id*. We disagree.

In **Commonwealth v. Greco**, 513 A.2d 493 (Pa. Cmwlth. 1986), the Commonwealth Court addressed a similar claim. We find the Commonwealth Court's analysis instructive. In **Greco**, the Probation Board conducted a probation revocation hearing after charges against the appellant had been dismissed at a preliminary hearing. The appellant argued in **Greco** that the Probation Board was barred, under the doctrine of collateral estoppel, from revoking his probation based on the dismissal of the criminal charges. The Commonwealth Court, however, found the appellant's claim meritless. The Court explained that "the rule of collateral estoppel ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." **Greco**, 513 A.2d at 495, **quoting Ashe**

*v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194 25 L.Ed.2d 469 (1970).

> [The appellant's] parole revocation hearing followed a dismissal of the criminal charges subsequent to a preliminary hearing, not an acquittal after a trial. Therefore, there had been no final determination of fact by a court of law prior to [the appellant's] revocation hearing, as such, the doctrine of collateral estoppel does not apply. Collateral estoppel is properly applicable only when the earlier judgment is the result of a hearing in which the guilt or innocence of the accused has been fully litigated and finally determined. The primary purpose for a preliminary hearing is not to determine the guilt or innocence of an accused but to protect an individual from unlawful arrest, detention or imprisonment for a crime which was never committed, or for a crime of which there is no evidence of the individual's connection. ... A finding by a committing magistrate [or Judge] that the Commonwealth has failed to establish a prima facie case is not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present...

*Greco*, 513 A.2d at 495. Accordingly, the Court concluded in *Greco* that the Probation Board was not collaterally estopped from revoking the appellant's probation.

Similarly, in this case, Appellant's probation revocation hearing followed a dismissal of the criminal charges after a preliminary hearing, not an acquittal after trial. Therefore, there was no final determination of fact by a court of law prior to Appellant's revocation hearing, and as such, the doctrine of collateral estoppel does not apply. *See also Ortega*, 995 A.2d at 887 (holding that the doctrine of collateral estoppel did not apply where the underlying charges against the appellant were dismissed preliminarily

before a jury was empaneled or a trial court sitting as fact finder began to hear the evidence).

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014